## PINION *v.* HENRY *et al.*

Under the facts set forth in the subjoined report of the case, the intervenor was erroneously permitted to make the defense to the suit pending between the bankrupt, the defendant, and the party plaintiff who was seeking to recover in an action for tort. ATKINSON, J., dissents.

No. 1644.   OCTOBER 2, 1920.

Question certified by Court of Appeals (Case No. 10112).

*A. H. Davis* and *Paul F. Akin,* for plaintiff.

*Watt H. Milner* and *Milner & Farkas,* contra.

BECK, P. J. The Court of Appeals certified to this court the following question: "The plaintiff in error filed suit in the superior court of Bartow County against Jacksonville Oil Mill Company, a foreign corporation, for the negligent homicide of her husband. The suit was commenced by attachment, which was duly levied on land belonging to the defendant, in Bartow County. Subsequent to the suing out and levy of the attachment the defendant company went into bankruptcy, and the land attached was sold by the trustee to C. B. Henry. No answer to this suit was filed by the defendant or its trustee in bankruptcy; and when the case was called for trial, C. B. Henry, the purchaser of the property attached, appeared· by counsel and asked leave of the court to file an intervention or answer in the nature of an intervention in his own behalf, stating in his petition that he had bought the property of the bankrupt subsequent to the levy of the plaintiff's attachment, with notice of the same, and with notice of the suit pending in Bartow superior court between the plaintiff and the defendant; that the trustee in bankruptcy had no material interest in the suit and was not making a defense to it, and that the plaintiff in prosecuting the suit was seeking a judgment in rem against the property of the petitioner, and that it was to his (the defendant-intervenor's) interest to defeat or lessen the damages, if possible, and to see that the judgment, if any was

obtained against the property, be a legal one. Over the objection of the plaintiff that Henry was not a party to the case and had no right to file an intervention therein, the court allowed Henry to file the answer and defend the suit. The case was tried and resulted in a nonsuit. Under the above-recited state of facts, did the court err in allowing Henry to file his intervention or answer and defend the suit?"

Under the facts, which sufficiently appear in the question propounded, the purchaser of the property levied on under the attachment against the bankrupt was not entitled to intervene and defend the suit on its merits, which was an action for tort against the bankrupt, based upon the homicide of the plaintiff's husband, caused by the negligence of the bankrupt. The intervention was in the nature of an answer to this suit, and of course was intended to defeat the action for the recovery of damages against the defendant in the main suit. Whether or not the plaintiff in that suit should be permitted to recover is a question between the plaintiff and the defendant there. If the defendant had bought property under the circumstances alleged and that gives him a title to the property, the law provides proceedings whereby that title can be asserted against a judgment which may be recovered against the former owner, the bankrupt. He can file a claim and assert whatever right and title he has. If there were allegations in the intervention showing fraud and collusion between the plaintiff and the defendant in the main suit, a different question would arise; but in the absence of allegations of fraud and collusion on the part of the parties to the attachment proceedings, the proceedings are entirely statutory, and there is no provision in our law for the defense which the intervenor seeks to set up. If the defendant in the attachment makes no defense, our law provides that the allegations of fact in the petition duly filed shall be taken as true, except as to the amount of damage, which must be sustained by proof. There is no provision allowing a denial of these allegations by a third party. This consideration alone should show that the intervenor is not entitled to make the defense which he proposes to make. It follows therefore that the court erred in allowing the intervention.

*All the Justices concur, except Atkinson, J., dissenting.*